## WILLIAM S. GREEN *v.* BERIAH McGOFFIN.

**Option of Purchase—Right of Holder to Rescind.**

> One who directs an investment in a speculative enterprise must elect the option of purchase within a reasonable time. The conventional reservation of an option to reject the purchase cannot be reasonably interpreted so as to allow him an indefinite time to accept, which would give him the injust advantage of holding the interest so long as it was in value, and repudiate it if it should depreciate.

APPEAL FROM JEFFERSON CIRCUIT COURT. CHY.

September 26, 1868.

OPINION OF THE COURT BY JUDGE ROBERTSON:

McGoffin having vested the $2,500 in the purchase of 1-36th of LaCrescent City and had the right transferred to Green on the books. kept for that purpose by the company of stockholders, thereby fulfilled the trust he had undertaken to make on investment. Green, when notified of the investment as made, seemed to approve it and, though for more than a year after such notification he could have sold his interest for considerably more than cost, he preferred to retain it as an excellent speculation. After all this it was too late for him to renounce the investment and claim a restitution of the $2,500. The conventional reservation of an option to do so cannot be reasonably interpreted so as to

allow him an indefinite time for an election which would have given him the unjust advantage of holding the interest as long as it rose in value and the right to repudiate it if it should ever become worthless or depreciated below par. He had a right to elect at any time before confirmation. But after he chose to approve his *locus in quo* was gone.

Consequently having attempted repudiation too late he has no right to enforce restitution.

Wherefore, the judgment dismissing his petition is affirmed.

*Barrett & Roberts, for appellant.*

*Bullitt, for appellee.*